# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GREGORY D. BULLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:14-cv-00129-RDP-JHE |
| ) | |
| WARDEN CHERYL PRICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Gregory D. Bullock has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at the William E. Donaldson Correctional Facility in Bessemer, Alabama. (Doc. 1). Plaintiff names Warden Cheryl Price as the sole defendant. (*See* doc. 1 at 1 & 3). In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

### I.  Standard of Review

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Where practicable, the

court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

A dismissal pursuant to § 1915A (b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6); *see Jones v. Bock,* 549 U.S. 199, 215 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. Factual Allegations

The plaintiff alleges he was sexually assaulted and sodomized by a fellow inmate on January 6, 2014, while the guards were watching a football game and could not hear him yelling for help. (Doc. 1 at 3). He contends Warden Price "is responsible because she is warden of the prison and is over security and is responsible for the officers doing their jobs instead of watching T.V." (*Id.*). The plaintiff seeks a transfer to another prison and $ 20,000 in damages for his pain, suffering, and emotional distress. (Doc. 1 at 4).

## III. Discussion

Although the alleged assault is disturbing, the plaintiff cannot hold Warden Price vicariously liable through the concept of *respondeat superior* "[t]here is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994)). "Supervisory liability under

section 1983 may be shown only by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988). This causal connection may be established when: (1) a 'history of widespread abuse puts the supervisor on notice and he or she fails to correct the alleged deprivation, (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights, or (3) facts support the inference the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). "A single incident, or isolated incidents, do not ordinarily satisfy this burden." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

The plaintiff has described one incident, occurring on January 6, 2014. As troubling as the plaintiff's allegation is, this incident, by itself, does not demonstrate a history of widespread malfeasance by the guards such that Warden Price was on notice of the need to correct the alleged deprivations. The plaintiff does not allege Warden Price maintained customs or policies resulting in deliberate indifference to his constitutional rights or that Warden Price directed her subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so. Because the complaint fails to state a cause of action under 42 U.S.C. § 1983 against Warden Price, it is due to be **DISMISSED**.

### IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted pursuant to § 28 U.S.C. 1915A(b)(1) and/or (2).

**V. Notice of Right to Object**

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).   In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment

4

entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon Plaintiff.

DONE this 14th day of April 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE